# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAYNA DUNCAN,**

                Plaintiff,

                                                        **Case No. 10-C-397**

       -vs-

**SHEBOYGAN AREA SCHOOL DISTRICT,**

                Defendant.

# DECISION AND ORDER

Dayna Duncan ("Duncan") brings claims against the Sheboygan Area School District for retaliation and sex discrimination. Defendant moves to dismiss certain claims in Duncan's amended complaint for failure to exhaust her administrative remedies. For the reasons that follow, this motion will be granted.

Duncan was hired by the Sheboygan Area School District in 1999 as a language arts teacher at Farnsworth Middle School. Duncan's amended complaint alleges that she applied for various administrative positions within the school district but that she never received the desired appointment despite her superior qualifications. Duncan also alleges, as pertinent to the instant motion, that she was promoted to the position of Social Studies Supervisor, Pre-K through 12th grade, but the position was eliminated shortly thereafter. Amended Complaint, ¶¶ 33-43. Duncan further alleges that the school district failed to provide her with "long-term substitution positions" at the administrative level, which hindered her advancement into an administrative position. *Id.* at ¶ 65.

Duncan filed two charges with Wisconsin's Equal Rights Division (cross-filed with the EEOC). The first charge, dated July 1, 2009, complains of "wrongful denial of promotion and sexual discrimination" with respect to three positions: Assistant Principal at Farnsworth, Assistant Principal at Horace Mann Middle School, and an administrator position at Riverview Academy High School. The second charge, dated November 2, 2009, states that Ms. Duncan "applied for five (5) promotions between June 2008 and July 2009. Specifically, she applied for the positions of Assistant Principal at Farnsworth Middle School in June 2008, Assistant Principal at Horace Mann Middle School in May 2009, Administrator in Alternative Programs at Riverview Academy in May 2009, Associate Principal at North High School in June 2009 and Coordinator of Second Education in July 2009. All of the promotions, with the exception of the Associate Principal position at North High School, were awarded to less qualified male applicants."

A motion to dismiss under Rule 12(b)(6) challenges a complaint (or a portion thereof) for failure to state a claim upon which relief may be granted. The Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). The Court can consider Duncan's EEOC charges without converting this motion into one for summary judgment. *Drebing v. Provo Group, Inc.*, 494 F. Supp. 2d 910, 912 (N.D. Ill. 2007); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court can take judicial notice of public documents without converting motion to dismiss into motion for summary judgment).

A Title VII plaintiff may bring only those claims that were included in his EEOC charge, or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). To be like or reasonably related, "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphases in original). This rule is meant both to give the EEOC and the employer an opportunity to settle the dispute and to give the employer fair notice of the conduct about which the employee is complaining. *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (citing *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)).

Duncan's EEOC charges collectively allege that the failure to promote her into various administrative positions are adverse or tangible employment actions. Therefore, Duncan's charges do not implicate the same conduct described in ¶¶ 33-43 and 65 of her amended complaint. The latter allegations encompass entirely separate and discrete incidents of discrimination – the elimination of the Social Studies Supervisor position and the lack of substitute opportunities for administrative positions. "Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Cheek*, 31 F.3d at 501. It is not enough that the allegations are subsumed in a general "pattern or practice" of discrimination

by the employer.  "Any additional alleged act of discrimination can always be fit in and become part of an overall general pattern of discrimination.  Jones's argument, if accepted, would eviscerate the general rule that each separate act of discrimination must be set out in an EEOC charge before an action can be brought."  *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010); *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999) ("Novitsky wants us to treat all claims under Title VII against a single employer as related to one another, which would eviscerate the statutory charge requirement").

*Cheek* is illustrative.  In *Cheek*, the plaintiff worked as an insurance sales representative.  Cheek's EEOC charge alleged that she was forced to pay her clients' insurance premiums (as opposed to her male counterparts), but her complaint alleged discrimination in the assignment of sales routes.  The court found that the charge was unrelated to Cheek's claims "in at least two ways: *the type of conduct alleged to be discriminatory*, and the identity of the individuals involved."  *Id.* at 502 (emphasis added).  Duncan's allegations involve the same individuals, but the conduct alleged to be discriminatory is not factually related to the charge.  Duncan "must at least have described, with some degree of specificity, *the conduct she considered discriminatory*.  She did not."  *Id.* (emphasis added).  Therefore, the charges "failed to serve [the] dual purpose of giving . . . notice of the factual basis for the claims of sex discrimination in [the] complaint, and of affording the EEOC an opportunity to investigate the claims."  *Id.*

Duncan argues that the school district received notice of the claims contained in ¶¶ 33-43 and 65 from the position statements she filed during the EEOC investigation.  D. 13-1,

-4-

13-2, 13-3. This is not the type of notice envisioned by the statutory scheme. One purpose of the notice requirement is to facilitate settlement, which is typically encouraged after the charge is initially filed and before the responding party files a position statement. D. 12-1 ("If the Respondent is willing to discuss possible settlement, please contact me immediately. If you prefer an investigation, I must receive your written answer to the complaint within 30 calendar days of the date of this letter"). The position statements filed by Duncan were filed in response to the school district's position statements. The investigator's findings demonstrate that she did not consider Duncan's additional allegations of discrimination in her investigation. D. 15-1, 15-2. Therefore, the school district did not receive notice and an opportunity to respond or conciliate in relation to the additional allegations of discrimination included in Duncan's position statements. *Cf. Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) ("The fact that both INDOT and the EEOC may have been aware of her earlier, internal complaint about sex discrimination does not change the fact that she chose not to include this issue in her later EEOC charge"). In this respect, extraneous allegations of discrimination made in the course of an EEOC investigation can normally be distinguished from allegations "outside the body of the charge" which "may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek* at 502 (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110-11 (7th Cir. 1992) (considering three page, handwritten "EEOC Affidavit" submitted on same day as part of initial charge)). Conversely, Duncan's position statements "cannot expand the scope of the

allegations in . . . the original charge; they may only 'clarify or amplify' the allegations in the charge." *Cheek* at 503 (citing 29 C.F.R. § 1601.12(b)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss [D. 10] is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **February 8, 2011** at **9:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a Scheduling Order which will limit the time:

    a. to join other parties and to amend the pleadings;

    b. to file motions; and

    c. to complete discovery;

4. The Scheduling order may also:

    a. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

    b. provide for the disclosure or discovery of electronically stored information;

    c. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

    d. the date or dates for conferences before trial, a final pretrial conference, and trial; and

    e. any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

6. Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone.

7. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rule 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case of no more than several sentences.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**